UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JIMMY WILLIAMSON,<br>CDCR #D-34288,<br><br>                                    Plaintiff,<br><br>v.<br><br>JOHN DOE, CDCR Correctional Post<br>Guard,<br><br>                                    Defendant. | Case No.:  26-cv-1853-WQH-DDL<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS,**<br><br>**(2)  SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b), and**<br><br>**(3)  REQUIRING PLAINTIFF TO IDENTIFY DOE DEFENDANT IN ORDER TO EFFECT SERVICE** |

HAYES, Judge:

Plaintiff Jimmy Williamson ("Plaintiff"), a state prisoner proceeding pro se, initiated this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleges that Defendant Correctional Post Guard John Doe closed the door to a housing unit while Plaintiff was passing through, crushing his neck, chest, back and shoulder. *Id*. at 3–4.  Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP"). (ECF No. 2.)

1

## I.      MOTION TO PROCEED IFP

A plaintiff instituting a civil action in a district court of the United States must typically pay a filing fee of $405—consisting of a $350 statutory fee plus an additional administrative fee of $55—but the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). A civil action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. 28 U.S.C. §§ 1915(b)(1), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. §§ 1915(b)(1)–(2); *Bruce*, 577 U.S. at 84.

In support of his pending Motion to Proceed IFP, Plaintiff submits a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report indicating that, during the six months prior to filing this action, he had an average monthly balance of $173.75, average monthly deposits of $57.15, and an available balance of $107.51 in his account at the time he filed suit. (ECF No. 2 at 11–12.)

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses a $34.75 initial partial filing fee. Plaintiff remains obligated to pay the $315.25 balance of the filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

    **A.    Legal Standard**

Plaintiff's Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

    **B.    Allegations in the Complaint**

Plaintiff alleges that, on May 10, 2024, while housed at Centinela State Prison, he arrived at his assigned housing unit door "which was partially open for a person barely to squeeze through." (ECF No. 1 at 3.) Although other inmates squeezed through the door with no problem, as soon as Plaintiff entered the door "the control booth shut the door on his body, trapping him." *Id*. Plaintiff was unable to manually stop the door from closing, and he and other inmates "yelled repeatedly for the officer in the control tower to stop electronically shutting the door, but to no avail." *Id*. "The control booth officer (John Doe 1) kept his finger on the button closing the door more and more on Plaintiff's body (neck,

chest, back and right shoulder) for minutes, as plaintiff screamed loud up at the control tower officer.  Eventually the door stopped after someone told the officer to stop." *Id*.

Plaintiff alleges that California Department of Corrections and Rehabilitation ("CDCR") policies and procedures provide that housing unit doors are to be either completely open or closed, but that it is the normal practice at Centinela for tower guards to keep the doors partially open and to "close them real fast on incarcerated persons to compel them to hurry up and enter through the door & not be slow dragging/taking their time, etc., which is what occurred here." *Id*. at 4. Plaintiff alleges that Defendant John Doe had a clear view of the door, ignored the screams and yells of Plaintiff and others to stop closing the door, and when asked why he did it, "he just looked at turned away." *Id*.

Plaintiff alleges that he visited the medical clinic complaining of pain and breathing complications and was transported by ambulance to an outside hospital where he was diagnosed with blunt trauma to the chest and cervical contusions. *Id*. at 3. Plaintiff's pain and suffering continued and he was returned to the hospital and diagnosed with cervical radiopathy. *Id*. Plaintiff claims a violation of his Eighth Amendment right to be free from cruel and unusual punishment. *Id*. at 3–4.

### C.    Discussion

The Cruel and Unusual Punishments Clause of the Eighth Amendment forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id*. A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety;" he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

26cv1853-WQH (DDL)

Plaintiff's allegations are sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b) with respect to an Eighth Amendment claim against Defendant John Doe, the only defendant named in the Complaint, because Plaintiff alleges that Defendant John Doe deliberately continued to close the door on him for several minutes while observing him trapped in the door and ignoring the yells and screams of Plaintiff and others. *Wilhelm*, 680 F.3d at 1123; *Farmer*, 511 U.S. at 837; *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("Conditions must not involve the wanton and unnecessary infliction of pain.") Because Plaintiff is proceeding IFP, he is entitled to have the U.S. Marshal effect service of the summons and Complaint on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.")

However, due to the impossibility of serving an unknown individual, the Court may not order service on Defendant John Doe until Plaintiff identifies that person and files either an amended complaint that names the Defendant or a motion to substitute the name of the Defendant for the Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant.") Where the identity of an alleged party is not known prior to the filing of an action, the Ninth Circuit permits a plaintiff the opportunity to pursue appropriate discovery to identify unknown defendants, unless it is clear that discovery would not uncover their identity or the complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Plaintiff is directed to promptly seek such information, such as through the California Public Records Act, Calif. Gov't. Code § 6250, *et seq*., or any other means available to plaintiff, such as the prison inmate grievance procedure or the prison administrative process if available. If access to the required information is denied or unreasonably delayed, Plaintiff may seek judicial intervention.

26cv1853-WQH (DDL)

## III.    CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed IFP (ECF No. 2) is granted.

IT IS FURTHER ORDERED that the Secretary of the CDCR, or his designee, shall collect from Plaintiff's trust account the $34.75 initial partial filing fee. Plaintiff remains obligated to pay the $315.25 balance of the $350 filing fee in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the Clerk of the Court shall serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

IT IS FURTHER ORDERED that, within ninety days of the filing of this Order, Plaintiff shall identify the name of the John Doe Defendant by either (1) filing an amended complaint or (2) filing a motion to substitute the person's name for the John Doe Defendant. If Plaintiff is unable to identify the John Doe Defendant by that deadline, Plaintiff shall file a Notice indicating the actions that he took to attempt to identify the John Doe Defendant.

Dated:  May 1, 2026

Hon. William Q. Hayes
United States District Court

6

26cv1853-WQH (DDL)