UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JIMMY WILLIAMSON,
CDCR #D-34288,
Plaintiff,
v.
JOHN DOE, CDCR Correctional Post Guard,
Defendant.

Case No.: 26-cv-1853-WQH-DDL

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LIMITED DISCOVERY OF IDENTIFICATION OF DEFENDANT DOE AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

[Dkt. Nos. 4, 5]

Before the Court is pro se Plaintiff Jimmy Williamson's ("Plaintiff") Motion for Limited Discovery of Identification of Defendant Doe [Dkt. No. 4] and Motion for Leave to Amend [Dkt. No. 5]. For the reasons set forth below, the Motion for Limited Discovery of Identification of Defendant Doe is **GRANTED IN PART**, and the Motion for Leave to Amend is **DENIED AS MOOT**.

**I.**

**DISCUSSION**

On March 18, 2026, Plaintiff, a state prisoner, filed a complaint under 42 U.S.C. § 1983 naming as the sole defendant "John Doe, CDCR-Centinela, Facility C, Unit 2

Control Tower Post Guard." Dkt. No. 1 at 1. Plaintiff alleges that on May 10, 2024, at approximately 10:30 a.m., the defendant identified as "John Doe, CDCR-Centinela, Facility C, Unit 2 Control Tower Post Guard" "shut the door on [Plaintiff's] body" from the Facility C2 control booth and "kept his finger on the button closing the door more and more on Plaintiff's body (neck, chest, back and right shoulder) for minutes, as Plaintiff screamed." *Id.* at 1, 3.

On May 1, 2026, the Court granted Plaintiff's motion to proceed in forma pauperis and screened the complaint. Dkt. No. 3. The Court found that Plaintiff's complaint was sufficient to survive screening and ordered Plaintiff to identify the Doe Defendant within ninety days so that the U.S. Marshal can effect service of the summons and Complaint on his behalf. *Id.* The Court instructed Plaintiff to seek identifying information through the means available to him, such as the California Public Records Act, and, if unsuccessful, to file "a Notice indicating the actions that he took to attempt to identify the John Doe Defendant." *Id.* at 6.

On June 25, 2026, Plaintiff filed the motion presently before the Court seeking "limited discovery for the identification" of the Doe Defendant. Dkt. No. 4 at 1. Specifically, Plaintiff seeks to serve one interrogatory and two Requests for Production ("RFP") on the California Department of Corrections and Rehabilitation ("CDCR"):

- **Interrogatory #1:** Identify by name, job title, badge number of CDCR correctional guards assigned to Facility C, Housing Unit 2, including its Control Booth gun tower post on May 10, 2024.
- **RFP #1:** Produce CDCR and CSP records identifying the CDCR guard assigned to Centinela State Prison Facility c, Unit 2's Control booth gun tower post, Second Watch on May 10, 2024, between the time periods of 8:00 am to 1:00 pm, when the alleged incident occurred.
- **RFP #2:** Produce CDCR CSP Facility C staffing schedules, shift assignments, and duty rosters for personnel assigned to CSP Facility C, Housing Unit 2 Control booth gun tower post, Second Watch on May 10, 2024.

Dkt. No. 4 at 3-4.

Plaintiff states that on May 18, 2026, he sent requests to CDCR seeking identification of the Doe Defendant, specifically asking for "the name and Badge number of the CDCR employee working at Centinela State Prison's Facility C, Housing Unit 2, on May 10, 2024, between the time of 10:00 am – 12:00 pm" and "any and all documents in the possession of CDCR and its Centinela State Prison identifying the nonconfidential name and badge number only of the CDCR employee working at Centinela State Prison's Facility C, Housing Unit 2, on May 10, 2024, between the time of 10:00 am – 12:00pm." Dkt. No. 4 at 8-10. Plaintiff states that he has not received any response to his requests. *Id.* at 6.

On July 31, 2026, Plaintiff filed a Motion for Leave to File an Amended Complaint [Dkt. No. 5] and an Amended Complaint [Dkt. No. 6]. Plaintiff "is informed and believes and thus alleges that Defendant Doe is a guard name[d] Munoz." Dkt. No. 5 at 1. In both the motion for leave and the amended complaint, Plaintiff identifies the Doe Defendant as only "Munoz." *Id.*; Dkt. No. 6 at 2.

**II.**

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 26 provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless such discovery is "authorized" by the Court. Fed. R. Civ. P. 26(d)(1). "[I]n rare cases," however, courts allow "limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Courts authorize such "expedited discovery" where the need for the information "outweighs the prejudice to the responding party." *Semitool*, *Inc. v. Tokyo Electron Am.*, *Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating [a] request for expedited discovery"). "A district court's decision to grant discovery to determine jurisdictional facts

is a matter of discretion." *Columbia Ins. Co.*, 185 F.R.D. at 578 (citation omitted).

The Ninth Circuit holds that when a defendant's identity is unknown at the time the complaint is filed, a court may grant leave to take early discovery to determine the defendant's identity "unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642. "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that [the] plaintiff has standing to pursue an action against [the] defendant," the applicant must "make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at . . . identifying . . . the person who committed the act." *Columbia Ins. Co.*, 185 F.R.D. at 579-80.

## III.

## DISCUSSION

### A. Motion for Limited Discovery

Courts apply a three-factor test when considering motions for early discovery to identify a defendant. *Columbia Ins. Co.*, 185 F.R.D. at 578-80. First, the applicant should "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the applicant must describe "all previous steps taken to locate the elusive defendant." *Id.* at 579. Third, the applicant should establish that its "suit . . . could withstand a motion to dismiss." *Id.* In addition to these three factors, the Court should permit discovery only where "there is a reasonable likelihood that the discovery process will lead to identifying information about [the] defendant that would make service of process possible." *Id.* at 580.

CDCR is a third party to this action, and "a Rule 45 subpoena cannot be used to require third parties to respond to interrogatories." *Turner v. Ralkey*, No. 3:20-CV-5472-BHS-DWC, 2021 WL 135855, at *3 (W.D. Wash. Jan. 13, 2021). As such, the Court denies Plaintiff's request to serve an interrogatory on CDCR.

The Court finds that Plaintiff has met each of the foregoing requirements to establish

good cause to serve a subpoena for documents on CDCR. First, Plaintiff identified the Doe Defendant as a correctional guard employed by CDCR at Centinela State Prison, which is located in this District. Second, Plaintiff described his attempt to request the information needed to identify the Doe Defendant from CDCR, and Plaintiff explained that no response has been received. Third, the Court has already found that Plaintiff's complaint states a claim to relief that is plausible on its face and accordingly could withstand a motion to dismiss. Dkt. No. 3 at 5.

Plaintiff's first RFP is narrowly tailored to identify the Doe Defendant, and the Court authorizes it as written. However, Plaintiff's second RFP is overbroad. "Staffing schedules, shift assignments, and duty rosters" for all personnel assigned to the control booth the day of incident are not needed to identify the Doe Defendant. Therefore, Plaintiff is not authorized to serve his second RFP.

Plaintiff's recent identification of the Doe Defendant as "Munoz" does not negate the good cause established above. Plaintiff does not explain how he learned of "Munoz" and reiterates that the CDCR has not cooperated with him. Dkt. No. 5 at 1. Plaintiff is entitled to confirmation from CDCR that the Doe Defendant is in fact "Munoz." Additionally, Plaintiff provides no identifying information beyond "Munoz," which may be insufficient for the U.S. Marshal to identify and serve the Doe Defendant. *See Israel v. Moreno*, No. 2:23-CV-2383-JGB (SK), 2024 WL 2984030, at *1 (C.D. Cal. Feb. 15, 2024) (finding that an incarcerated plaintiff did not provide enough information to help effectuate service where he identified a defendant by last name only, "Rodriguez," which was "too common to be a helpful identifier."). Plaintiff may conduct early discovery so that he can provide the U.S. Marshal with identifying information beyond "Munoz" such that the Doe Defendant can be served.

For good cause shown, the Court **GRANTS IN PART** Plaintiff's Motion for Limited Discovery of Identification of Doe Defendant.

**B. <u>Motion for Leave to Amend</u>**

Federal Rule of Civil Procedure 15(a)(1)(B) provides that "if the pleading is one to

which a responsive pleading is required," then "[a] party may amend its pleading once as a matter of course no later than ... 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). No responsive pleadings or motions have been filed, so Plaintiff is entitled to amend his pleadings once as a matter of course. Accordingly, Plaintiff's Motion for Leave to Amend is **DENIED AS MOOT**.

After amending a pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given when "justice so requires." Fed. R. Civ. P. 15(a)(2). The Court grants leave for Plaintiff to file a Second Amended Complaint after he obtains more identifying information for the Doe Defendant. Plaintiff must file his Second Amended Complaint no later than **twenty-one days** after receiving a response from CDCR to the subpoena.

## IV.
## CONCLUSION

For the reasons set forth above, the Court**:**

1. **GRANTS IN PART** Plaintiff's Motion for limited discovery to identify the Doe Defendant named in the Complaint. [Dkt. No. 4]. Plaintiff may serve a Rule 45 subpoena on CDCR, limited to the following document request: "Produce CDCR and CSP records identifying the CDCR guard(s) assigned to Centinela State Prison Facility C, Unit 2's Control booth gun tower post, Second Watch on May 10, 2024, between the time periods of 8:00 am to 1:00 pm, when the alleged incident occurred."
2. **DIRECTS** the Clerk of Court to mail to Plaintiff the following:
   a. A copy of this Order;
   b. One subpoena duces tecum form, signed but otherwise blank (AO-88B "Subpoena to Produce Documents, Information or Objects")
3. **ORDERS** the Plaintiff to complete the subpoena duces tecum form and return it, along with a copy of this Order, to the United States Marshal for service within

**twenty-one days** of this Order. The subpoena must provide a minimum of a forty-five (45) day notice before the date of production.

4. **DENIES AS MOOT** Plaintiff's Motion for Leave to Amend [Dkt. No. 5] and grants leave for Plaintiff to file a Second Amended Complaint with more identifying information for the Doe Defendant no later than **twenty-one days** after receiving a response from CDCR to the subpoena.

**IT IS SO ORDERED.**

Dated: August 5, 2026

Hon. David D. Leshner
United States Magistrate Judge